**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 24 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DARCY HARPER,<br><br>      Plaintiff-Appellant,<br><br> v.<br><br>CITY OF MERCED; NATHANIEL MCKINNON, Merced Police Officer,<br><br>      Defendants-Appellees,<br><br> and<br><br>COUNTY OF MERCED,<br><br>      Defendant. | No.   20-15120<br><br>D.C. No.<br>1:18-cv-00562-LJO-SKO<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted November 19, 2020**
San Francisco, California

Before: NGUYEN, HURWITZ, and BRESS, Circuit Judges.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Darcy Harper appeals the district court's grant of summary judgment to Officer Nathaniel McKinnon on Harper's claim of excessive force under 42 U.S.C. § 1983.[1]  We have jurisdiction under 28 U.S.C. § 1291.  Reviewing de novo, *see Monzon v. City of Murrieta*, 966 F.3d 946, 950 (9th Cir. 2020), we affirm.

An officer who violates the plaintiff's constitutional rights will incur liability under § 1983 only if "the right in question was clearly established at the time of the officer's actions, such that any reasonably well-trained officer would have known that his conduct was unlawful." *Orn v. City of Tacoma*, 949 F.3d 1167, 1174 (9th Cir. 2020).  "Use of excessive force is an area of the law 'in which the result depends very much on the facts of each case,' and thus police officers are entitled to qualified immunity unless existing precedent 'squarely governs' the specific facts at issue." *Kisela v. Hughes*, 138 S. Ct. 1148, 1153 (2018) (per curiam) (quoting *Mullenix v. Luna*, 577 U.S. 7, 13 (2015) (per curiam)).

Harper acknowledges that "there was no precedential case with the precise facts of [his] case" at the time of his arrest.  "Precedent involving similar facts can . . . provide an officer notice that a specific use of force is unlawful," *id.*, but it

---

[1] The district court also granted summary judgment to defendants on Harper's claim under the Americans with Disabilities Act, 42 U.S.C. § 12132, and dismissed Harper's municipal liability claim against the City of Merced.  Harper forfeited any challenge to these rulings by not addressing them in his brief.  *See Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1213 (9th Cir. 2017).

"must have placed the statutory or constitutional question beyond debate," *id.* at 1152 (quoting *White v. Pauly*, 137 S. Ct. 548, 551 (2017) (per curiam)). Thus, we must define clearly established law with reference to the particular facts of a given case rather than "at a high level of generality." *White*, 137 S. Ct. at 552 (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 742 (2011)).

None of the cases on which Harper relies are sufficiently similar to the facts here to place the constitutionality of McKinnon's use of force beyond debate. In *Deorle v. Rutherford*, the plaintiff was surrounded and observed by 13 officers for 30–40 minutes, "was unarmed, had not attacked or even touched anyone, had generally obeyed the instructions given him by various police officers, and had not committed any serious offense." 272 F.3d 1272, 1275, 1276 (9th Cir. 2001). Similarly, in *Bryan v. MacPherson*, the plaintiff complied with the officer's commands to step out of his vehicle, made no moves toward the officer, and was standing 20–25 feet from the officer, facing away, when the officer tased him without warning. 630 F.3d 805, 822 (9th Cir. 2010).

The undisputed facts here show that Harper was not surrounded by officers or in a controlled setting, was fleeing in the dark across treacherous terrain, was pursued by a single police officer (with a second officer in the vicinity), ignored all of the officer's commands, and had been "swinging a stick" at staff at the hospital from which he escaped. These "tense, uncertain, and rapidly evolving"

3

circumstances "forced [McKinnon] to make split-second judgments," which we must consider when assessing reasonableness. *Graham v. Connor*, 490 U.S. 386, 396–97 (1989). In the absence of a factually similar case finding a constitutional violation, we cannot say that McKinnon's use of force was clearly unreasonable at the time.[2]

**AFFIRMED.**

---

[2] Because we conclude that the rights in question were not clearly established, we exercise our discretion not to determine whether McKinnon violated Harper's Fourth Amendment rights. *See Orn*, 949 F.3d at 1174.